IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Shaik's LLC | ) | Case No. 24-05441 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

## NOTICE OF MOTION

TO:  See attached list

PLEASE TAKE NOTICE that on **Tuesday April 23, 2024**, **at 10:00 a.m.**, I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the **MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. 1112(b) AND SHORTEN NOTICE** a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet,** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.**  The meeting ID for this hearing is **160 731 2971** and the passcode is **587656**.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

/s/ *Adam G. Brief*
Adam G. Brief, Assistant U.S. Trustee
Office of the U.S. Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(202) 503-7104

1

# CERTIFICATE OF SERVICE

I, Adam G. Brief, Assistant U.S. Trustee, certify that on April 15, 2024, I caused to be served copies of the Notice of Motion, Motion of the United States Trustee to Dismiss Case Pursuant to 11 U.S.C. 1112(b) and Shorten Notice, and Proposed Order on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

/s/ Adam G. Brief

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- N/A

**Parties Served via First Class Mail:**

Shaik's LLC, 1919 Crossing Ct., Naperville, IL 60540

Bank of America, PO Box 15710, Wilmington, DE 19850

US Bank, PO Box 5227, Cincinnati, OH, 45201

Ally Bank, PO Box 380902, Bloomington, MN 55438

Landmark Credit Union, PO Box 510870, New Berlin, WI, 53151

Lincoln Automotive Financial Services, Attn: Customer Service Center, PO Box 542000, Omaha, NE, 68154

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Shaik's LLC | ) | Case No. 24-05441 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

**U.S. TRUSTEE'S MOTION TO DISMISS CASE
PURSUANT TO 11 U.S.C. 1112(b) AND SHORTEN NOTICE**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), by and through the Assistant U.S. Trustee Adam G. Brief, and hereby moves this Court to enter an order dismissing the above-captioned Chapter 11 case pursuant to 11 U.S.C. 1112(b) because the debtor is an unrepresented corporation and shorten notice to that given. In support of his motion, the U.S. Trustee states to the Court as follows:

**JURISDICTION**

1. The Court has jurisdiction to hear and determine this motion pursuant to 11 U.S.C. § 157(b)(2)(A) and IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee makes this request pursuant to the authority granted to him under 11 U.S.C. § 1112(b)(1).

3

**BACKGROUND**

3.      On April 15, 2024 (the "**Petition Date**"), Debtor Shaik's LLC, filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *Dkt. 1*.

4.      Although the Debtor represented in its petition that it is a limited liability corporation, the Debtor filed its petition without legal counsel. A copy of the petition, attached hereto as Exhibit A, shows that the petition was filed *pro se* by Anees Shaik, the Debtor's president. *See Dkt. 1*, at pg 4.

**LEGAL ARGUMENT**

5.      In relevant part, Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest, and after notice and a hearing, the court shall convert the case to Chapter 7 or dismiss the case, whichever is in the best interest of creditors, where the movant has established "cause" to do so. *See* 11 U.S.C. § 1112(b)(1).

6.      Section 1112(b)(4) sets forth a list of sixteen grounds that constitute "cause" for conversion or dismissal. *See* 11 U.S.C. § 1112(b)(4)(A)–(P). This list is not exhaustive; a case may be converted or dismissed for causes other than those specifically enumerated causes in Section 1112(b)(4). *See In re Tekena USA, LLC*, 419 B.R. 341, 346 (Bankr. N.D. Ill. 2009); *In re Strug-Division, LLC*, 375 B.R. 445, 448 (Bankr. N.D. Ill. 2007).

7.      Here, cause exists to dismiss this case because the Debtor is a limited liability corporation and filed its petition *pro se*. Corporations cannot represent themselves in federal court and must have counsel to prosecute their bankruptcy cases. *U.S. v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008).

8.      The filing of the petition in the instant case by Anees Shaik constitutes the unauthorized practice of law and renders the filing of this case null and void. *In re Video Systems*

*Design & Sales, Inc.*, 129 B.R. 196 (Bankr. W.D. Mo. 1991); *see also In re IFC Credit Corp.*, 420 B.R. 471, 478 (Bankr. N.D. Ill. 2009) (finding that a bankruptcy petition filed on behalf of a corporation without counsel is a nullity unless properly amended).

9. In light of the Debtor's *pro se* status, this case should be dismissed.

## SHORTENED NOTICE

10. Given the infirmity in the Debtor's petition caused by lack of counsel and the fact that this motion has been served on the Debtor and all known creditors, notice of this request should be deemed adequate to shorten notice.

## CONCLUSION

11. The Debtor is a corporation and cannot prosecute its bankruptcy case *pro se*. Consequently, the U.S. Trustee requests that this case be dismissed.

**WHEREFORE**, the United States Trustee requests this Court to enter an order shortening notice to that given, dismissing this Chapter 11 case, and for such other relief as is just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: April 15, 2024        By: */s/ Adam G. Brief*
Adam G. Brief, Assistant U.S. Trustee
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn St., Room 873
Chicago, Illinois 60604
(202) 703-5104